**WILLIAMS, KASTNER & GIBBS PLLC**
Eliot M. Harris, ABA 1805047
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Tel:   (206) 628-6600
Fax:   (206) 628-6611

*Attorneys for Plaintiff*
*United Specialty Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED SPECIALTY INSURANCE
COMPANY, a Delaware corporation,

      Plaintiff,

   v.

CABIN TAVERN, INC. (d/b/a CABIN
TAVERN), STATION, INC., DANIEL
M. ZIVANICH, MARY LISA
BATEMAN, RUTH ANDERSSON,
JOHNNY KENNETH ARIAS-
BOZEMAN, AND MELEANNA
SIULUA-BUTLER,

      Defendants.

Case No. 3:20-cv-00

## COMPLAINT FOR DECLARATORY JUDGMENT

7120676.1

Plaintiff United Specialty Insurance Company alleges as follows:

## I. PARTIES

1.      Plaintiff United Specialty Insurance Company ("USIC") is a Delaware corporation with its principal place of business in Texas.

2.      Defendant Cabin Tavern Inc. d/b/a/ Cabin Tavern ("Cabin") is an Alaska corporation.

3.      Defendant Station, Inc. ("Station") is an Alaska corporation.

4.      Defendant Daniel M. Zivanich is an individual who, upon information and belief, resides in Alaska.

5.      Defendant Mary Lisa Bateman is an individual who, upon information and belief, resides in Utah.

6.      Defendant Ruth Andersson is an individual who, upon information and belief, resides in Alaska.

7.      Defendant Johnny Kenneth Arias-Bozeman is an individual who, upon information and belief, resides in Alaska.

8.      Defendant Meleanna Siulua-Butler is an individual who, upon information and belief, resides in Alaska.

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 2 of 34
7120676.1

Case 3:20-cv-00151-JWS   Document 1   Filed 06/23/20   Page 2 of 34

## II.  VENUE AND JURISDICTION

9.    The U.S. District Court for the District of Alaska has jurisdiction pursuant to 28 U.S.C. §1332.  There is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

10.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the events giving rise to the claim occurred in Anchorage, Alaska.

## III.  FACTS

### A.    The Cabin Policy

11.    USIC issued a commercial lines insurance policy, No. USA 4146345, to Cabin with a policy period of December 31, 2016 to December 31, 2017 (the "Cabin Policy").  Attached hereto as **Exhibit A** is a copy of the Cabin Policy.

12.    The Cabin Policy provides Commercial General Liability Coverage ("CGL Coverage") with liability limits of $1,000,000 per occurrence and $2,000,000 in the aggregate.

13.    The Cabin Policy provides Liquor Liability Coverage ("LL Coverage") of $1,000,000 per common cause and $2,000,000 in the aggregate.

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 3 of 34

7120676.1

Case 3:20-cv-00151-JWS   Document 1   Filed 06/23/20   Page 3 of 34

14.    The Cabin Policy contains reinstated assault and battery limits under the CGL Coverage of $100,000 per occurrence and $250,000 in the aggregate.

15.    The reinstated assault and battery limit is reduced by any expenses paid for in the investigation and defense of a claim.

**B.    The Station Policy**

16.    USIC issued commercial lines policy, No. USA 4146332, to Station with a policy period of December 31, 2016 to December 31, 2017 (the "Station Policy").  Attached hereto as **Exhibit B** is a copy of the Station Policy.

17.    The Station Policy provides CGL Coverage with liability limits of $1,000,000 per occurrence and $2,000,000 in the aggregate.

18.    The Station Policy also provides LL Coverage of $1,000,000 per common cause and $1,000,000 in the aggregate.

19.    The Station Policy contains reinstated assault and battery limits under the CGL Coverage of $500,000 per occurrence and $1,000,000 in the aggregate.

20.    The reinstated assault and battery limit is reduced by any expenses paid for in the investigation and defense of a claim.

21.    The Cabin Policy and Station Policy are collectively referred to hereinafter as "the Policies."

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 4 of 34

7120676.1

Case 3:20-cv-00151-JWS   Document 1   Filed 06/23/20   Page 4 of 34

## C. Applicable Language of the Policies

22. The Policies provide CGL Coverage for its insured's liability under Coverage A, Form CG 00 01 12 07, which includes the following relevant language:

> ### SECTION I — COVERAGES
>
> ### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> **1. Insuring Agreement**
>
> **a**. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit' seeking damages for "bodily injury or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> **(1)** The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and
>
> **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 5 of 34

7120676.1

provided for under Supplementary Payments - Coverages **A** and **B**.

**b**. This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period;

\* \* \*

23.     The Policies' CGL Coverage under Form CG 00 01 12 07 defines who is an insured as follows:

### SECTION II — WHO IS AN INSURED

**1.**  If you are designated in the Declarations as:

**a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

**b.**  A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

**c.**  A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

**d.**  An organization other than a partnership, joint venture or limited liability company, you are an

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 6 of 34
7120676.1

Case 3:20-cv-00151-JWS   Document 1   Filed 06/23/20   Page 6 of 34

insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

\*\*\*

24.     The Policies, by way of Endorsement CGL 1701 0316 in the Cabin Policy, and by way of Endorsement CGL 1701 0510 in the Station Policy, define "occurrence" as follows:

> **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All "bodily injury" or "property damage" arising out of an "occurrence" or series of related "occurrences" is deemed to take place at the time of the first such damage or injury even though the nature and extent of such damage or injury may change; and even though the damage may be continuous, progressive, cumulative, changing or evolving; and even though the "occurrence" causing such "bodily injury" or "property damage" may be continuous or repeated exposure to substantially the same general harmful conditions.

25.     The Policies provide the following Limits of Insurance under Form CG 00 01 12 07:

### SECTION III — LIMITS OF INSURANCE

> **1.** The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:
>
> > **a.** Insureds;

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 7 of 34

7120676.1

Case 3:20-cv-00151-JWS   Document 1   Filed 06/23/20   Page 7 of 34

**b.** Claims made or "suits" brought; or

**c.** Persons or organizations making claims or bringing "suits".

26.    The Policies' CGL Coverages include the following exclusion:

## 2.    Exclusions

This insurance does not apply to:

### a. Expected Or Intended Injury.

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

27.    The Policies, by way of Endorsement CGL 1701 0316 in the Cabin Policy, and by way of Endorsement CGL 1701 0510 in the Station Policy, contain the following exclusions to the CGL Coverage that may apply:

This insurance does not apply to:

\* \* \*

### 4. Criminal Acts

**a.** "Bodily injury" or "property damage" arising directly or indirectly out of or resulting from a criminal act committed by any insured, including any additional insureds or

**b.** "Bodily injury" or "property damage" arising directly or indirectly out of or resulting from a criminal act at

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 8 of 34

7120676.1

the direction of any insured, including any additional insureds.

**5. Punitive, Exemplary, Treble Damages or Multipliers of Attorneys' Fees**

Claims or demands of payment of punitive, exemplary or treble damages whether arising from the acts of any insured or by anyone else for whom or which any insured or additional insured is legally liable; including any multiplier of attorney's fees statutorily awarded to the prevailing party.

\* \* \*

28. By way of Endorsement CGL 1701 0316, the Cabin Policy contains the following Liquor Liability exclusion to the CGL Coverage that may apply:

**C. It is agreed that the following exclusions from Section I Coverages are changed as shown below:**

**1. Liquor Liability**

Exclusion **c.,** Liquor Liability of Section **I** Coverages, Coverage **A 2.** Exclusions, is deleted and entirely replaced with the following:

**c. Liquor Liability**

**1.** "Bodily injury" or "property damage" for which any insured may be held liable by reason of:

**a.** Causing or contributing to the intoxication of any person; or

**b.** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 9 of 34

7120676.1

Case 3:20-cv-00151-JWS   Document 1   Filed 06/23/20   Page 9 of 34

    **c.** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

**2.** This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:

    **a.** The Supervision, hiring, employment, training or monitoring of others by that insured; or

    **b.** Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol; or

    **c.** Failing to protect or safeguard any person; if the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph **1.a., b.** or **c.** above.

**3.** This exclusion applies only if you:

    **a.** Are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages; or

    **b.** Otherwise provide or permit a person to bring alcoholic beverages on your premises for consumption on your premises, or make available alcoholic beverages as a regular part of your business or operations otherwise covered by this policy.

* * *

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 10 of 34

7120676.1

Case 3:20-cv-00151-JWS   Document 1   Filed 06/23/20   Page 10 of 34

29.     By way of Endorsement CGL 1701 0510, the Station Policy contains

the following Liquor Liability exclusion to the CGL Coverage that may apply:

**B. It is agreed that the following exclusions from Section I Coverages are changed as shown below:**

**1. Liquor Liability**

Exclusion c., Liquor Liability of Section I Coverages, Coverage A 2. Exclusions, is deleted and entirely replaced with the following:

**c. Liquor Liability**

Bodily injury" or "property damage" for which any insured may be held liable by reason of:

**a.** Causing or contributing to the intoxication of any person; or

**b.** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**c.** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you:

**a.** Are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages; or

**b.** Sell, otherwise provide, or make available alcoholic beverages as a regular part of your business or operations otherwise covered by this policy.

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 11 of 34

7120676.1

Case 3:20-cv-00151-JWS   Document 1   Filed 06/23/20   Page 11 of 34

\* \* \*

30.　The Policies contain Endorsement CGL 1704 0116, Exclusion-Assault and Battery, which provides as follows:

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY**

**EXCLUSION - ASSAULT AND BATTERY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

CONTRACTORS LIMITED CLAIMS MADE AND REPORTED GENERAL LIABILITY COVERAGE PART

CONTRACTORS LIMITED CLAIMS MADE GENERAL LIABILITY COVERAGE PART

**1.** This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of or resulting from:

**(a)** any actual, threatened or alleged assault or battery regardless of whether or not any action was undertaken or was alleged to have been undertaken in self-defense;

**(b)** the failure of any insured or anyone else for whom any insured is or could be held legally liable to prevent or suppress any assault or battery;

**(c)** the failure of any insured or anyone else for whom any insured is or could be held legally liable to render or secure medical treatment necessitated by any assault or battery;

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 12 of 34
7120676.1

Case 3:20-cv-00151-JWS　Document 1　Filed 06/23/20　Page 12 of 34

**(d)** the rendering of medical treatment by any insured or anyone else for whom any insured is or could be held legally liable that was necessitated by any assault or battery;

**(e)** the negligent:

**(i)** employment;

**(ii)** investigation;

**(iii)** supervision;

**(iv)** training; or

**(v)** retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by **1. (a), (b), (c) or (d)** above; or

**(f)** any other act or omission, either leading up to, during or following any alleged assault or battery, on the part of the insured or anyone else for whom the insured may be legally responsible, in any way relating to, concurrently or in succession with, **1.(a),(b),(c),(d)** or **(e)**, above.

**2.** We shall have no duty to defend or indemnify any claim, demand, "suit", action, litigation, arbitration, alternative dispute resolution or other judicial or administrative proceeding seeking damages, equitable relief, injunctive relief, or administrative relief where

**(a)** any actual or alleged injury arises out of any combination of an assault or battery-related cause and a non-assault or battery-related cause.

**(b)** any actual or alleged injury arises out of a chain of events which includes assault or battery, regardless of

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 13 of 34

7120676.1

Case 3:20-cv-00151-JWS   Document 1   Filed 06/23/20   Page 13 of 34

whether the assault or battery is the initial precipitating event or a substantial cause of injury.

(c)  any actual or alleged injury arises out of assault or battery as a concurrent cause of injury, regardless of whether the assault or battery is the proximate cause of injury.

(d) any actual or alleged injury arises out of any act or omission in connection with the prevention or suppression of assault or battery or any physical altercation.

3.  For the purposes of this endorsement the words assault and battery are intended to include, but are not limited to, sexual assault and any other type of physical altercation.

All other terms and conditions of this policy remain unchanged.

31.  The Cabin Policy contains a reinstatement of coverage by way of an

endorsement, form CGL 1717a 0314, Limited Coverage-Assault and Battery:

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**LIMITED COVERAGE - ASSAULT & BATTERY**

**THIS ENDORSEMENT INCLUDES DEFENSE COST
WITHIN THE LIMITS PROVIDED BY THIS
ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE
FORM

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 14 of 34

7120676.1

Case 3:20-cv-00151-JWS   Document 1   Filed 06/23/20   Page 14 of 34

**A.** It is agreed that the specific coverage excluded under **CGL 1704** is reinstated on a limited basis per the following additional terms and conditions.

1. This endorsement does not create any additional coverage or remove any exclusion contained in the other forms of this policy unless specifically stated on this form. The **CGL 1704** exclusion remains in full force once the sublimit is exhausted.

2. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend, the expenses we incur associated with the coverage provided by this form. These expense payments will reduce the limits of insurance available and provided by this form.

3. Our right and duty to defend ends when we have used up the applicable limit of insurance shown below in the payment of judgments or settlements or expenses for the coverage provided by this form.

4. When the limit shown below exhausts from the payment of any claim, judgment or expense; or when the aggregate limit exhausts, you agree to take over the further handling of the affected claims and to pay all expenses incurred, including attorney fees, from the date of the payment that exhausts the limit of insurance shown below until the affected claims or 'suits" are resolved. You further agree to settle, pay any judgment, or otherwise resolve at your expense any claims or "suits" pending after exhaustion of the limits of insurance shown below. In anticipation of and in preparation for assuming the defense and indemnity upon exhaustion of limits stated below, you and your attorneys will, upon request, be given access to our claim and "suit" files other than records relating to resolution of coverage issues or related to any dispute

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 15 of 34

7120676.1

with you, within a reasonable time prior to exhaustion of the limits shown below.

## B. Limits

Assault and Battery Limit of Insurance - $\underline{100,000}$ per "occurrence"

Assault and Battery Aggregate Limit - $\underline{250,000}$

**1.** The reinstated coverage has a reduced Limit of Insurance per "occurrence" as shown above.

**2.** The reinstated coverage is subject to an aggregate limit. The Assault and Battery Aggregate limit shown above is the most we will pay for all coverage reinstated by this endorsement.

**3.** ***The coverage provided by this endorsement does not provide additional limits of insurance above the General Aggregate Limit shown in the declarations. The coverage provided by this endorsement will reduce the General Aggregate Limit shown in the declarations***.

## C. Definitions

The above limits are applicable to a covered loss arising from an assault and battery. For the purpose of determining when the limits apply, the following definitions will be used:

**1.** Assault is an intentional, unlawful threat of bodily harm to another under circumstances creating a well-founded fear of imminent harm.

**2.** Battery is any unlawful and unprivileged touching of another person.

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-____
Page 16 of 34

7120676.1

Case 3:20-cv-00151-JWS   Document 1   Filed 06/23/20   Page 16 of 34

> All other terms, conditions, exclusions, limitations and definitions of this policy remain in full force and unchanged.

32.     The Station Policy also contains Form CGL 1717a 0314, Limited Coverage-Assault and Battery, with identical language to that in the Cabin Policy set forth in the preceding paragraph, but with the following limits:

> Assault and Battery Limit of Insurance    $500,000 per "occurrence"
>
> Assault and Battery Aggregate Limit     $1,000,000

33.     The Policies provide LL Coverage pursuant to an insuring agreement contained in Form CG 00 33 12 07, which provides in relevant part as follows:

> ### SECTION I — LIQUOR LIABILITY COVERAGE
>
> **1. Insuring Agreement**
>
> > **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply. We may, at our discretion, investigate any "injury" and settle any claim or "suit" that may result. But:
> >
> > > **(1)** The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 17 of 34

7120676.1

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

\* \* \*

34. The Policies' LL Coverage under Form CG 00 33 12 07 defines who is an insured as follows:

### SECTION II – WHO IS AN INSURED

**1.** If you are designated in the Declarations as:

    **a.** An individual, you and your spouse are insureds.

    **b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

    **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

    **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

\*\*\*

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 18 of 34

7120676.1

Case 3:20-cv-00151-JWS   Document 1   Filed 06/23/20   Page 18 of 34

35.    The Policies' LL Coverage contains the following exclusion, as amended by endorsement CLL 1901 0216, Liquor Liability Amendatory Endorsement:

> **C.** Section **I** – Liquor Liability Coverage, paragraph **2.** Exclusions, sub-paragraph **a.**, Expected or Intended Injury, I is deleted in its entirety and replaced with the following:
>
> **a. Expected or Intended Injury**
>
> This insurance does not apply to "injury" expected or intended from the standpoint of any insured.

36.    The Policies' LL Coverage contains the following exclusion as set forth in endorsement CLL 19 01 0216:

> **D.**   The following is added to Section **I** — Liquor Liability Coverage, paragraph **2.** , Exclusions.
>
> This insurance does not apply to:
>
> **1.   Punitive, Exemplary or Treble Damages, or Multipliers of Attorneys' Fees**
>
> Claims or demands for payment of punitive, exemplary or treble damages whether arising from the acts of any insured or by anyone else for whom or which any insured or additional insured is legally liable; including any multiplier of attorney's fees statutorily awarded to the prevailing party.

37.    The Policies contain Form ARB 1820 1115, which contains the following anti-stacking provision:

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 19 of 34

7120676.1

Case 3:20-cv-00151-JWS   Document 1   Filed 06/23/20   Page 19 of 34

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**NON-STACKING OF LIMITS ENDORSEMENT**

This endorsement modifies insurance provided under the
following:

COMMERCIAL GENERAL LIABILITY COVERAGE
FORM
LIQUOR LIABILITY COVERAGE FORM

If any Coverage Form, Coverage Part or policy issued to you
by us or any company affiliated with us apply to the same
claim for damages, the maximum Limit of Insurance for
Liability Coverage under all of the Coverage Forms, Coverage
Parts or policies shall not exceed the highest applicable Limit
of Insurance available under any one Coverage Form,
Coverage Part or policy.

This endorsement does not apply to any Coverage Form,
Coverage Part, or policy issued by us or an affiliated company
specifically to apply as excess insurance over this policy.

All other terms and conditions of this policy remain
unchanged.

**D.     Factual Background Of The Claim**

38.     On or around March 22, 2019, Defendants Johnny Kenneth Arias-

Bozeman and Meleanna Siulua-Butler (collectively the "Claimants") filed

separate lawsuits against Cabin and Station, as well as Mr. Zivanich,

Ms. Bateman, Ms. Andersson, and nonparty Edward Desapio, in the Superior

Court for the State of Alaska, Third Judicial District at Anchorage captioned as

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 20 of 34

7120676.1

Case 3:20-cv-00151-JWS   Document 1   Filed 06/23/20   Page 20 of 34

*Arias-Bozeman v. Cabin Tavern, Inc. et al.*, Cause No. 3AN-19-5896 CI, and *Siulua-Butler v. Cabin Tavern, Inc., et al.*, Cause No. 3AN-19-5867 CI (collectively, "Underlying Lawsuits").

39.     The Claimants each respectively filed a First Amended Complaint amending their allegations and removing the claims asserted against Mr. Desapio.   Attached as **Exhibits C** and **D** are copies of the First Amended Complaints in the Underlying Lawsuits, respectively.

40.     The Claimants allege that they were at Cabin Tavern on April 15, 2017, when a physical confrontation occurred that led to a gun shooting.

41.     The Claimants allege they were struck by a bullet during the shooting.

42.     The Claimants allege violation of AS 4.11.010 by not having the required license to serve alcoholic beverages; negligence by failing to comply with a general duty to prevent violence on its premises; negligent and careless monitoring the premises; failing to control the bar patron crowd; failing to provide adequate security; and failing to properly train, supervise, or otherwise monitor its employees/agents.

43.     The Claimants allege that: Station owns Cabin Tavern; Mr. Zivanich is the President and 50% owner of Cabin and Station, and is a 50% property

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 21 of 34

7120676.1

owner of Cabin's premises at 264 Muldoon Road, Anchorage, Alaska; Ms. Bateman is the Vice-President and 50% owner of Cabin and Station, and is 50% property owner of Cabin's premises at 264 Muldoon Road, Anchorage, Alaska; and Ms. Andersson is the Secretary of Cabin and Station.

44.     The Claimants each allege damages in excess of $100,000 for pain and anxieties, expenses for medical treatment, loss of time and enjoyment of life, wage loss, loss of earning capacity, expense and inconvenience associated with disability and the pursuit of medical care, and permanent impairments.

## E.     USIC Agrees to Defend Cabin, Station, Mr. Zivanich, Ms. Bateman, and Ms. Andersson Under a Reservation of Rights

45.     On or about July 26, 2018, USIC sent a letter to Cabin informing it that USIC received notice of the claim (which at that time was not litigated) and that USIC would investigate the matter subject to a full and complete reservation of rights under the Cabin Policy.  Attached hereto as **Exhibit E** is a copy of USIC's July 26, 2018 letter.

46.     On or about May 10, 2019, following the filing of the Underlying Lawsuits, USIC wrote to Cabin, advising that USIC would defend Cabin, Mr. Zivanich, Ms. Bateman, and Ms. Andersson pursuant to a full reservation of rights under the Cabin Policy.  Attached hereto as **Exhibit F** is a copy of USIC's May 10, 2019 letter.

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 22 of 34
7120676.1

Case 3:20-cv-00151-JWS   Document 1   Filed 06/23/20   Page 22 of 34

47.    On or about August 22, 2019, USIC wrote to Cabin, advising that USIC's investigation remained ongoing, and that USIC would continue to defend Cabin, Mr. Zivanich, Ms. Bateman, and Ms. Andersson against the Underlying Lawsuits subject to a full and complete reservation of rights under the Cabin Policy.  Attached hereto as **Exhibit G** is a copy of USIC's August 22, 2019 letter.

48.    On September 11, 2019, USIC wrote to Station and advised that USIC had not received a tender of the Underlying Lawsuits from, or on behalf of, Station and that USIC would provide its coverage position if and when Station sought coverage for the Underlying Lawsuits, but agreed to provide Station, Mr. Zivanich, Ms. Bateman, and Ms. Andersson with a defense against the Underlying Lawsuits subject to a full and complete reservation of rights under the Station Policy.  Attached hereto as **Exhibit H** is a copy of USIC's September 11, 2019 letter.

## IV.    FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT CGL COVERAGE - "OCCURRENCE"

49.    USIC realleges each of the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50.    In the Underlying Lawsuits, the Claimants allege that they were shot during a fight at Cabin.

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 23 of 34

7120676.1

51.     The insuring agreement to the Policies' CGL Coverage applies for claims of "bodily injury" caused by an "occurrence."

52.     The CGL Coverage defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

53.     The shooting that caused the Claimant's alleged injuries does not qualify as an "occurrence" because it was not accidental as this term is used in the Policies.

54.     There is no coverage under the Policies' CGL Coverage for any of the causes of action alleged in the Underlying Lawsuits because all causes of action do not arise out of an "occurrence."

55.     USIC is entitled to declaratory judgment that there is no coverage under the Policies' CGL Coverage for any of the causes of action alleged in the Underlying Lawsuits.

## V.     SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT CGL COVERAGE - WHO IS AN "INSURED"

56.     USIC realleges each of the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57.     Mr. Zivanich, Ms. Bateman, and Ms. Andersson are not named insureds under the Policies.

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 24 of 34

7120676.1

58.     The CGL Coverage under the Policies provides that if the named insured is an organization other than a partnership, joint venture, or limited liability company, its members qualify as insureds but only with respect to the conduct of Cabin's or Station's business, and their executive officers and directors qualify as insureds, but only with respect to their duties as Cabin's or Station's officers or directors.

59.     The Claimants allege that Cabin and Station are corporations, and that Mr. Zivanich, Ms. Bateman, and Ms. Andersson are officers of Cabin and Station.

60.     Mr. Zivanich, Ms. Bateman, and Ms. Andersson's status as insureds under the CGL Coverage to the Policies is limited to the conduct of Cabin's or Station's business and to their duties as officers.

61.     For any claims arising out of acts and/or omissions of Mr. Zivanich, Ms. Bateman, and Ms. Andersson that are outside of the conduct of Cabin's or Station's business and/or duties as officers, Mr. Zivanich, Ms. Bateman, and Ms. Andersson do not qualify as insureds under the Policies' CGL Coverages.

62.     Station does not qualify as an insured under the Cabin Policy.

63.     Cabin does not qualify as an insured under the Station Policy.

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 25 of 34

7120676.1

Case 3:20-cv-00151-JWS   Document 1   Filed 06/23/20   Page 25 of 34

64.    USIC is entitled to declaratory judgment that it owes no duty to defend and/or indemnify Mr. Zivanich, Ms. Bateman, and Ms. Andersson under the Policies' CGL Coverages for any claims arising out of acts and/or omission that are outside of the conduct of Cabin's or Station's business and/or duties as officers.

65.    USIC is entitled to declaratory judgment that it owes no duty to defend and/or indemnify Station under the Cabin Policy.

66.    USIC is entitled to declaratory judgment that it owes no duty to defend and/or indemnify Cabin under the Station Policy.

## VI.    THIRD CAUSE OF ACTION: DECLARATORY JUDGMENT CGL COVERAGE - LIQUOR LIABILITY EXCLUSION

67.    USIC realleges each of the allegations contained in Paragraphs 1 through 66 as if fully set forth herein.

68.    The CGL Coverage provided in the Policies contains an exclusion that precludes coverage for "bodily injury" for which any insured may be held liable by reason of: a. Causing or contributing to the intoxication of any person; b. The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or c. Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 26 of 34

7120676.1

Case 3:20-cv-00151-JWS    Document 1    Filed 06/23/20    Page 26 of 34

69.    The liquor liability exclusion applies if the insured is in the business of selling, serving, or furnishing alcoholic beverages.

70.    The Claimants allege in the Underlying Lawsuits that Cabin served alcoholic beverages without a license, in violation of AS 4.11.010.

71.    USIC is entitled to declaratory judgment that there is no coverage under the Policies' CGL Coverage Part for any claims that fall under the liquor liability exclusion.

## VII.   FOURTH CAUSE OF ACTION: DECLARATORY JUDGMENT CGL COVERAGE - ASSAULT AND BATTERY EXCLUSION

72.    USIC realleges each of the allegations contained in Paragraphs 1 through 71 as if fully set forth herein.

73.    The CGL Coverage Part of the Policies is subject to an exclusion that precludes coverage for "bodily injury" arising out of or resulting from "any actual, threatened or alleged assault or battery."

74.    This exclusion also applies for the failure by an insured to prevent or suppress any assault or battery, and also for any negligent employment, supervision, or training, of any person that failed to prevent or suppress any assault or battery.

75.    The Claimants allege that Cabin failed to: comply with a general duty to prevent violence on the premises; monitor the premises; provide adequate

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 27 of 34

7120676.1

security; and properly train, supervise, or otherwise monitor its employees/agents.

76.    The allegations in the Underlying Lawsuits arise out of the alleged assault and/or battery that occurred during the shooting.

77.    USIC is entitled to declaratory judgment that there is no coverage under the Policies' CGL Coverage for any of the alleged damages in the Underlying Lawsuits under the Assault and Battery Exclusion.

## VIII.  <u>FIFTH CAUSE OF ACTION: DECLARATORY JUDGMENT CGL COVERAGE - ASSAULT AND BATTERY REINSTATEMENT</u>

78.    USIC realleges each of the allegations contained in Paragraphs 1 through 77 as if fully set forth herein.

79.    The Policies contain a "Limited Coverage – Assault & Battery" Endorsement, which reinstates coverage for assault and battery on a limited basis.

80.    To the extent coverage is afforded under the "Limited Coverage – Assault & Battery" Endorsement in either of the Policies, policy limits are $100,000 per occurrence (Cabin Policy) and $500,000 per occurrence (Station Policy), each of which is reduced by any expenses paid in the investigation and defense of the Underlying Lawsuits.

81.    The Underlying Lawsuits arose out of the same shooting, which constitutes a single occurrence.

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 28 of 34

7120676.1

82.     The per-occurrence limit in this endorsement is the total amount available towards defense and indemnity costs, including defense fees and costs, for all claims in the Underlying Lawsuits that are otherwise covered under the other sections of the Policies.

83.     USIC is entitled to declaratory judgment that, to the extent coverage is afforded under the "Limited Coverage – Assault & Battery" Endorsement under either of the Policies, and is not otherwise excluded under other sections of the Policies, the policy limits are $100,000 per occurrence under the Cabin Policy, and $500,000 per occurrence under the Station Policy, and once that limit is reached (through settlement and/or investigation/defense expenses) in each of the individual Policies, USIC owes no further defense or indemnity obligations under that individual Policy.

## IX.     SIXTH CAUSE OF ACTION: DECLARATORY JUDGMENT CGL COVERAGE – CRIMINAL ACT EXCLUSION

84.     USIC realleges each of the allegations contained in Paragraphs 1 through 83 as if fully set forth herein.

85.     The Policies' CGL Coverage excludes coverage for "bodily injury" arising directly or indirectly out of or resulting from a criminal act committed by, or at the direction of, any insured.

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 29 of 34

7120676.1

86.    USIC is entitled to declaratory judgment that there is no coverage under the Policies' CGL Coverage to the extent that any of the Claimants' alleged damages fall under the criminal act exclusion.

## X.    SEVENTH CAUSE OF ACTION: DECLARATORY JUDGMENT CGL COVERAGE – PUNITIVE DAMAGES EXCLUSION

87.    USIC realleges each of the allegations contained in Paragraphs 1 through 86 as if fully set forth herein.

88.    The Policies' CGL Coverage excludes coverage for all claims of punitive, exemplary, or treble damages whether arising from the acts of any insured or by anyone else for whom or which any insured or additional insured is legally liable; including any multiplier of attorney's fees statutorily awarded to the prevailing party.

89.    USIC is entitled to declaratory judgment that there is no coverage under the Policies' CGL Coverage for any claims or demands of punitive or exemplary damages that fall under this exclusion.

## XI.    EIGHTH CAUSE OF ACTION: DECLARATORY JUDGMENT CGL & LL COVERAGES - EXPECTED OR INTENDED INJURY

90.    USIC realleges each of the allegations contained in Paragraphs 1 through 89 as if fully set forth herein.

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 30 of 34
7120676.1

Case 3:20-cv-00151-JWS   Document 1   Filed 06/23/20   Page 30 of 34

91.     The Policies' CGL and LL Coverages exclude coverage for "bodily injury" (CGL Coverage) or "injury" (LL Coverage) expected or intended from the standpoint of an insured.

92.     Because the Claimants allege in the Underlying Lawsuits that Cabin violated AS 4.11.010 by serving alcoholic beverages without a license, any resulting "bodily injury" or "injury" would have been expected or intended by one or more of the insureds.

93.     USIC is entitled to declaratory judgment that there is no coverage under the Policies' CGL or LL Coverages for any damages that were expected or intended by any of the Insureds.

**XII.    NINTH CAUSE OF ACTION: DECLARATORY JUDGMENT
LL COVERAGE – SERVICE OF ALCOHOL**

94.     USIC realleges each of the allegations contained in Paragraphs 1 through 93 as if fully set forth herein.

95.     The LL Coverage Part of the Policies provides coverage if "injury" is imposed on the insured by reason of the selling, serving, or furnishing of any alcoholic beverages.

96.     The alleged damages in the Underlying Lawsuits arise out of the alleged assault and/or battery that occurred during the shooting.

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 31 of 34

7120676.1

Case 3:20-cv-00151-JWS   Document 1   Filed 06/23/20   Page 31 of 34

97. There are no allegations in the Underlying Lawsuits that the gun was fired by an intoxicated person, or someone that was served alcohol at Cabin or Station on the night of the shooting.

98. The damages alleged in the Underlying Lawsuits arise from the shooting and not the service of alcohol.

99. The damages alleged in the Underlying Lawsuits do not fall under the insuring agreement of the Policies' LL Coverage Part.

100. USIC is entitled to declaratory judgment that there is no coverage under the Policies' LL Coverage Part for any damages alleged in the Underlying Lawsuits that do not arise out of the selling, serving, or furnishing of alcoholic beverages.

## XIII.  TENTH CAUSE OF ACTION: DECLARATORY JUDGMENT CGL & LL COVERAGES - NON-STACKING OF LIMITS

101. USIC realleges each of the allegations contained in Paragraphs 1 through 100 as if fully set forth herein.

102. The Policies contain a "Non-Stacking of Limits Endorsement," which limits available coverage under the CGL and LL Coverages to the highest applicable Limit of Insurance available under any one Coverage Form, Coverage Part, or policy.

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 32 of 34

7120676.1

Case 3:20-cv-00151-JWS   Document 1   Filed 06/23/20   Page 32 of 34

103.  The available limits under the CGL and LL Coverages are set forth above.

104.  USIC is entitled to declaratory judgment that, to the extent any coverage is owed under the Policies, that such coverage under the CGL and LL Coverages is limited to the highest applicable Limit of Insurance under any one Coverage Form, Coverage Part, or any single Policy.

## XIV.  <u>PRAYER FOR RELIEF</u>

WHEREFORE, USIC prays for relief as follows:

1.      Declaratory Judgment as to USIC's rights and obligations under the Policies regarding its duty to continue defending Cabin, Station, Mr. Zivanich, Ms. Bateman, and/or Ms. Andersson for any claims and/or damages alleged in the Underlying Lawsuits;

2.      Declaratory Judgment as to USIC's rights and obligations under the Policies regarding its duty (if any) to indemnify Cabin, Station, Mr. Zivanich, Ms. Bateman, and/or Ms. Andersson for any claims and/or damages alleged in the Underlying Lawsuits; and

3.      For such other and further relief as the Court may find just and equitable.

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 33 of 34
7120676.1

Case 3:20-cv-00151-JWS   Document 1   Filed 06/23/20   Page 33 of 34

DATED this 22nd day of June, 2020.

                              *s/ Eliot M. Harris*
                              _____
                              Eliot M. Harris, ABA 1805047
                              **WILLIAMS, KASTNER & GIBBS PLLC**
                              601 Union Street, Suite 4100
                              Seattle, WA 98101-2380
                              Tel:    (206) 628-6600
                              Fax:    (206) 628-6611
                              Email: eharris@williamskastner.com

                              ***Attorneys for Plaintiff***
                              ***United Specialty Insurance Company***

COMPLAINT FOR DECLARATORY JUDGMENT
*United Specialty Insurance Company v. Cabin Tavern, Inc., et al.*; Case No. 4:20-cv-_____-___
Page 34 of 34

7120676.1